590 A.2d 1335

**In re Objections to Nomination Petitions and Candidacy of Edward LINCOLN for Commissioner for the Republican Party in the First Ward of Ridley Township.**

**Appeal of Fiore PETICCA.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1991.

Decided May 2, 1991.

John J. Whelan, Doyle, Whelan & Doyle, Upper Darby, for appellant.

Jon J. Auritt, Media, for appellee Lincoln.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Appellant Fiore Peticca appeals from the March 26, 1991 order of the Court of Common Pleas of Delaware County, Pennsylvania which denied and dismissed Appellant's petition objecting to Edward Lincoln's (Lincoln) nominating petitions and candidacy for Commissioner for the Republican Party in the First Ward of Ridley Township. The questions raised before this Court are whether the trial court erred in finding that Lincoln actually resided in the First Ward of Ridley Township and will have continuously resided in that Ward for at least one year prior to the November 5, 1991 general election pursuant to Section 504 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. § 55504,[1] and whether the trial court abused its discretion in finding that Lincoln did

---

1. Section 504 of The First Class Township Code states in part as follows:

   In townships having five or more wards, one commissioner shall be elected from each ward. Commissioners shall reside in the ward from which elected, and shall have resided in said ward continuously for at least one year before their election....

reside in the First Ward when objective evidence indicated otherwise.

Prior to the November 5, 1990 election, Lincoln resided with his wife and children at 250 Morris Avenue, Woodlyn, located in the Seventh Ward of Ridley Township. Sometime in October 1990, according to Lincoln, he changed his residence to 1312-A Holland Street, First Ward, and will have continuously resided at this residence for one year prior to the November 1991 general election, thus making him eligible to run for Commissioner in the First Ward. Lincoln's wife and children remained at the family residence in the Seventh Ward.

Appellant filed his petition challenging Lincoln's residency and eligibility to run for public office from the First Ward asserting that he in actuality remained a resident of the Seventh Ward. The trial court determined that credible evidence showed that Lincoln intended to reside in the First Ward and further expressed the belief that it is for the electorate and not the court to decide if a candidate for public office under the circumstances of this case should be entrusted with that office. Appellee contends that Appellant presented mere documentary evidence to support the challenge and that since the trial court found testimony given by Appellee's three witnesses to be credible, the trial court should be affirmed.

Appellant correctly states that the issue of residency was discussed by the Supreme Court of this Commonwealth as early as 1938 in the matter of *Commonwealth ex rel. Fortney v. Bobrofskie*, 329 Pa. 44, 48, 196 A. 489, 491 (1938), wherein the Court stated:

[T]he actuality of a [person's] residence is often better determined by his conduct rather than by his words.

As this court said in [*In re*] *Dorrance's Estate*, supra, 309 Pa. [151], at page 165 [163 A.303 (1932)]: 'With a few scattered expressions to the contrary, the law is generally settled that, as regards the determination of domicile, a person's expression of desire may not supersede the

.effect of his conduct. . . . A declaration [as to domicile] that is self-serving and not followed by acts in accordance with the declaration will not be regarded as conclusive, but will yield to the intent which the acts and conduct of the person clearly indicate: . . . .'

Hence, the actual facts determine Lincoln's domicile, not what he declares it to be. *See also Watson v. Watson*, 243 Pa. Superior Ct. 23, 364 A.2d 431 (1976); *In re Estate of Reighard*, 381 Pa. 304, 113 A.2d 305 (1955).

█ The evidence established before the trial court, while documentary as well as testimonial, demonstrated, inter alia, that Lincoln completed a change of address card at the Woodlyn Post Office on January 4, 1991 directing only his mail to the address at 1312–A Holland Street, First Ward; that Bell Telephone installed a telephone line at the new address on January 7, 1991 and was instructed to forward telephone bills to the Seventh Ward address at 250 Morris Avenue where Lincoln's family resided; that on January 9, 1991 Lincoln appeared before the Ridley Township Zoning Hearing Board in a zoning matter filed by Lincoln and testified *under oath* that he resided in the Seventh Ward at 250 Morris Avenue; that Lincoln was hospitalized in January 1991 and his hospital records indicated that as of January 18, 1991 Lincoln resided at 250 Morris Avenue; and finally, that Lincoln did not change the address on his driver's license until one week prior to the March 25, 1991 hearing in this matter. Witnesses for Lincoln, two of whom rent from Lincoln, testified that he did in fact move into an apartment at the Holland Street address sometime during the third week of October 1990. This testimony, however, was challenged by Appellant as inconsistent and biased.

The evidence unequivocally supports the conclusion, based on the acts and conduct of Lincoln, that he intends to retain as his "true, fixed and permanent home and principal establishment" his residence in the Seventh Ward at 250 Morris Avenue where his family remains rather than the Holland Street address where Lincoln owns rental property. *See Fortney.* Lincoln's declaration as to his residence

obviously conflicts with the objective evidence presented at hearing which indicates a contrary domiciliary intent. Moreover, Lincoln's explanation that he returned to the Seventh Ward address to convalesce after his hospitalization, to eat dinner every evening and to visit with his family, and to conduct his business, buttresses rather than diminishes the evidence presented by Appellant. As stated by the Supreme Court in *Reighard,* one's domicile is as deep rooted as a tree, and in view of the evidence in this case, Lincoln's roots clearly remain in the Seventh Ward. *See In re Lesker,* 377 Pa. 411, 105 A.2d 376 (1954).

Thus, Lincoln's declaration that he is a resident of the First Ward and eligible to run for Commissioner in the May 1991 Primary Election may not be sustained on the record developed here. The trial court is therefore reversed.[2]

## ORDER

AND NOW, this 2nd day of May 1991, after argument in this matter on April 18, 1991, it is hereby ordered that the decision of the Court of Common Pleas of Delaware County denying and dismissing objections to the Nomination Petitions and Candidacy of Edward Lincoln for Commissioner for the Republican Party in the First Ward of Ridley Township is hereby reversed.

The Board of Elections for Ridley Township is directed to withhold certification of the name of Edward Lincoln from inclusion on the ballot in the May 21, 1991 primary election as a candidate for the office of Commissioner for the Republican Party in the First Ward of Ridley Township.

The Prothonotary is directed to notify all parties to this proceeding and counsel of record of the entry of this order and shall further certify a copy thereof to the Board of Elections for Ridley Township or other appropriate entity possessing jurisdiction over Ridley Township elections.

2. With respect to Appellant's remaining contention, suffice it to say that the reasonable and logical conclusion reached from substantial and competent evidence of record is that Lincoln remained domiciled in the Seventh Ward at 250 Morris Avenue.